IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYED H. ZAIDI, | ) | |
| | ) | Civil Action No. 12 – 144J |
| Petitioner, | ) | |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CHARLES MAIORANA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The case is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner on July 24, 2012. (ECF No. 1.) Petitioner is an inmate at the Federal Correctional Institution in Loretto, Pennsylvania. Petitioner states that he is bringing this habeas action pursuant to 28 U.S.C. § 2241. Upon review, however, it is clear that this is not a habeas action but rather a civil rights action as Petitioner contends that he is being denied proper medical care for his vision in violation of his constitutional rights.

Because of certain statutory provisions, it is important that the Court make a threshold determination of whether a case is a habeas corpus action or a civil rights action. The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." Leamer, 288 F.3d at 542. In contrast, 42 U.S.C. § 1983 is a federal law that allows lawsuits for violations of constitutional rights and establishes a cause of action for any person who has been deprived of

1

rights secured by the Constitution or laws of the United States by a person acting under color of state law.

Because it is evident that Petitioner is not seeking to challenge the validity of his conviction or the fact or duration of his sentence, the Court will construe the instant habeas action as a civil rights action.  As such, Petitioner will be required to submit a civil rights complaint pursuant to 42 U.S.C. § 1983 and pay the $350 statutory filing fee for civil rights actions.  Petitioner should be aware that he cannot avoid the $350 filing fee for a civil rights action by simply indicating that this action is one for habeas relief when in actuality he is not seeking such relief.  If Petitioner is indigent, then he may submit a properly completed application to proceed *in forma pauperis* along with an authorization form and a certified copy of his inmate account statement for the six (6) months preceding the filing of his complaint.[1]  An application to proceed *in forma pauperis* and authorization form are enclosed.  Also enclosed is a pre-printed prisoner civil rights complaint form used in civil rights actions that Petitioner may use if he so desires.

**AND NOW**, this 26th day of July, 2012;

**IT IS HEREBY ORDERED** that the Clerk of Court mail to Petitioner the proper forms so that he may file a proper civil rights complaint and motion to proceed *in forma pauperis*.

**AND IT IS FURTHER ORDERED** that if Petitioner wishes to pursue the instant action, he shall have until **August 23, 2012**, to file a civil rights complaint.  Failure to timely file his complaint will result in a recommendation that this action be dismissed.

---

[1] The Court notes that Petitioner did file a motion to proceed *in forma pauperis*, however he did not submit an authorization form and a certified copy of his inmate account statement.

                                                Lisa Pupo Lenihan
                                                Chief United States Magistrate Judge

cc:  Syed H. Zaidi
      55631-060
      Loretto Federal Correctional Institution
      Inmate Mail/Parcels
      P.O. Box 1000
      Loretto, PA  15940